IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| EMMANUEL JOSH MILLER, | ) | |
|---|---|---|
| Petitioner, | ) | Civil Action No. 12-206 Erie |
| | ) | |
| v. | ) | Senior District Judge Maurice B. Cohill |
| | ) | Magistrate Judge Susan Paradise Baxter |
| ERIE COUNTY COURT OF | ) | |
| COMMON PLEAS, et al., | ) | |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that the petition for a writ of habeas corpus be denied and that a certificate of appealability be denied.

**II.    REPORT**[1]

**A.    Relevant Background**

In March of 2011, the Petitioner, Emmanuel Josh Miller, appeared before the Court of Common Pleas of Erie County and pleaded guilty to one count of Firearms Not to be Carried Without a License, a felony in the third degree. On April 28, 2011, the court sentenced him to 36-72 months' of imprisonment. (CP Dkt. No. 7). He did not file a direct appeal with the Superior Court of Pennsylvania.

On November 21, 2011, Petitioner filed a *pro se* motion under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq.* in which he challenged the sentence imposed. (CP Dkt. No.14). The court appointed William J. Hathaway, Esquire, to represent him. Hathaway subsequently filed a petition for leave to withdraw as counsel and an accompanying "no-merit" letter pursuant to

---

[1] Respondents have submitted the Court of Common Pleas of Erie County's file and relevant transcripts. The documents in the file are indexed and numbered 1 through 35. They shall be cited to as "CP Dkt. No. __ ."

1

Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988) and Commonwealth v. Finley, 550 A.2d 213 (Pa. 1988). (CP Dkt. Nos. 26, 27). Hathaway explained:

> The Petitioner has asserted that the Court imposed an illegal sentence, that is a sentence greater than the lawful maximum. The Petitioner's argument is predicated on his assertion that the gravity score [sic] of nine was improperly calculated and applied in that juvenile adjudications were included in said calculation wherein it was his understanding and expectation that his juvenile record would be expunged upon reaching the age of majority and not be subject to further sanction. The Petitioner's averments instead purport to implicate the prior record score application underlying the sentencing guidelines.
>
> …. Under the limited parameters of the PCRA, the sole basis to secure relief in regard to sentencing is to plead and prove the imposition of an illegal sentence, that is a sentence greater than the lawful maximum. The Petitioner cites this contention, but the Petitioner was sentenced within the statutory parameters. Thus, the instant judgment of sentence is patently legal in nature and there is no necessity to establish a further record in that regard. The Petitioner's argument as to improper utilization of his prior criminal record including juvenile adjudications in the calculation of the sentencing guidelines in any form including the prior record score is without any arguable merit. Upon review of the sentencing records, the guideline form evidences that the total of nine (9) is correct including application of a prior juvenile record including a prior robbery adjudication which did not affect the offense gravity score as alleged by the Petitioner herein and was duly incorporated in the prior offense score of 9 designating the Petitioner as a REVOC. The Petitioner was confronted with a statutory maximum sentence under the guidelines given the significant prior record score which was discussed at the time of sentencing including the prior juvenile record for the benefit of the Petitioner's understanding, however, the Court departed from the guidelines and imposed [a] sentence slightly below the applicable ranges further evidencing that the instant sentence did not exceed the statutory parameters as mandated to state a colorable claim under the PCRA statute as to an illegal sentence.

(CP Dkt. No. 18 at 1-2 (bracketed text in original)).

The PCRA court granted Hathaway's petition for leave to withdraw as counsel. (CP Dkt. No. 20). It also issued a Notice of Intent to Dismiss PCRA Without a Hearing Pursuant to Pa.R.Crim.P. 907(1), in which it held:

> The Court, having considered the Defendant's PCRA Petition, Court appointed counsel's "no merit" letter dated January 13, 2012 (copy attached), and having conducted its own independent review of the record, hereby concludes that Defendant's plea was voluntarily and knowingly entered, his sentence was appropriate and within the statutory

requirements, and the guidelines were properly calculated pursuant to the Defendant's prior record, and he was deemed to be a REVOC based on a prior record score of nine.

Further, the Court's sentence was outside and below the applicable guideline ranges. The Court can find nothing in the plea proceedings, sentencing or applicable guidelines which would constitute grounds to overturn the Defendant's sentence.

(CP Dkt. No. 19).

On February 23, 2012, the PCRA court officially denied the PCRA motion for the reasons set forth in its previous order and advised Petitioner that he had 30 days to file an appeal. (CP Dkt. No. 21). Petitioner did not file an appeal with the Superior Court.

On April 25, 2012, Petitioner filed another *pro se* PCRA motion. (CP Dkt. No. 22). He argued that an error had been made in calculating his "gravity score" and, therefore, his sentence was illegal. On May 23, 2012, the PCRA court issued an Order denying the second PCRA motion because Petitioner failed to meet his burden of showing that he was entitled to relief. Also, he waived the issues he was raising because he did not fully litigate them in his first PCRA proceeding. (CP Dkt. Nos. 23, 24). Petitioner did not file an appeal with the Superior Court.

Now pending before this Court is Petitioner's request for federal habeas relief. [ECF Nos. 10, 11] He challenges his "gravity score" of nine and claims that his sentence is illegal in violation of his rights under the Sixth Amendment. [ECF No. 10 at 5]. Petitioner also contends that his criminal history report demonstrates that his "gravity score" was wrong. He claims that documents were falsified and that a fraud was committed upon the state court. [ECF No. 10 at 7].

Respondents have filed an Answer [ECF No. 22], in which they contend, *inter alia,* that Petitioner's claims must be denied as procedurally defaulted because he failed to exhaust his state court

remedies with respect to them.[2] Petitioner has filed a Reply [ECF No. 25] in which he counters that his claims are not procedurally defaulted because he raised them in his PCRA motions. [ECF No. 25 at 3].

**B. Discussion**

Respondents are correct that Petitioner's claims must be denied because he did not exhaust them in the state court, and, as a result, has procedurally defaulted them. The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." Coleman v. Thompson, 501 U.S. 722, 731 (1991). See also O'Sullivan v. Boerckel, 526 U.S. 838, 842-49 (1999). The requirement is:

> principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 490-491, 93 S.Ct. 1123, 1127, 35 L.Ed.2d 443 (1973). Under our federal system, the federal and state "courts [are] equally bound to guard and protect rights secured by the Constitution." Ex parte Royall, 117 U.S. [241, 251, 6 S.Ct. 734, 740 (1886)]. Because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." Darr v. Burford, 339 U.S. 200, 204, 70 S.Ct. 587, 590, 94 L.Ed. 761 (1950). See Duckworth v. Serrano, 454 U.S. 1, 3, 102 S.Ct. 18, 19, 70 L.Ed.2d 1 (1981) (per curiam) (noting that the exhaustion requirement "serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights").

Rose v. Lundy, 455 U.S. 509, 517 (1982) (footnote omitted).

Importantly, in order to exhaust a claim, a petitioner must "fairly present" it to each level of the state courts. See, e.g., Lines v. Larkins, 208 F.3d 153, 159 (3d Cir. 2000) (citing 28 U.S.C. § 2254(b)); O'Sullivan, 526 U.S. at 848. See also Brian Means, Federal Habeas Manual § 9C:17 (2013), available at

---

[2] Respondents also contend that Petitioner's claims should be denied because they are untimely. It appears to this Court, however, that their calculation of the one-year statute of limitations period may be incorrect. Because Petitioner's claims plainly are procedurally defaulted, it is recommended that they be denied on that basis.

Westlaw FEDHABMAN. In Pennsylvania, this requirement means that a petitioner in a non-capital case must have presented every federal constitutional claim raised in his habeas petition to the Common Pleas Court *and then to the Superior Court either on direct or PCRA appeal.* See, e.g., Lambert v. Blackwell, 387 F.3d 210, 233-34 (3d Cir. 2004). Federal Habeas Manual § 9C:17.

Petitioner carries the burden of proving exhaustion of all available state remedies. See, e.g., Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997). He cannot meet this burden because the record establishes that he did not raise any of his claims in an appeal to the Superior Court. He contends that he exhausted his claims because he raised them before the PCRA court, but that alone is not sufficient to satisfy the exhaustion requirement.

Because Petitioner did not exhaust his claims, they are procedurally defaulted. See, e.g., Lines, 208 F.3d at 160; Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000). Like the exhaustion doctrine, the doctrine of procedural default is "grounded in concerns of comity and federalism," Coleman, 501 U.S. at 730, and it bars federal habeas review of a claim whenever the petitioner failed to raise it in compliance with a state's procedural rules. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Wainwright v. Sykes, 433 U.S. 72 (1977); Lines, 208 F.3d at 162-69.

A petitioner whose habeas claim is procedurally defaulted can overcome the default, thereby allowing federal court review, if he can demonstrate "cause" for the default, *i.e.*, that some objective factor "external to the defense" impeded efforts to comply with the state's procedural rule, and "actual prejudice."[3] See, e.g., Coleman, 501 U.S. at 750; see also Martinez v. Ryan, — U.S. —, 132 S.Ct. 1309

---

[3] A petitioner may also overcome a procedural default of a claim if he can demonstrate a "miscarriage of justice." This exception provides that a procedural default may be excused if the petitioner presents evidence of "actual innocence" that is "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error[.]" Schlup v. Delo, 513 U.S. 298, 316 (1995). See also House v. Bell, 547 U.S. 518 (2006); Houck v. Stickman, 625 F.3d 88, 93-95 (3d Cir. 2010); Hubbard v. Pinchak, 378 F.3d 333, 339-41 (3d Cir. 2004). It only applies in extraordinary cases where the petitioner demonstrates that a constitutional violation has probably resulted in the conviction of one who is actually innocent. Id.; Hubbard, 378 F.3d at 339-40. It is not applicable to Petitioner's case.

5

(2012); Murray v. Carrier, 477 U.S. 478, 488, 494 (1986). Petitioner's argument that he did not file an appeal with the Superior Court because the "thirty day window to appeal is insufficient while incarcerated due to the fact of material necessary to appeal is not available" [ECF No. 11 at 4], falls far short of establishing "cause" to overcome his default. He had the necessary materials to file two *pro se* PCRA motions and the record is devoid of any evidence from which to conclude that some objective factor "external to the defense" impeded his efforts to file an appeal with the Superior Court in either of his PCRA proceedings.

Based upon all of the foregoing, Petitioner's claims must be denied because they are procedurally defaulted.

### C. Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. 28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether each of Petitioner's claims should be denied as procedurally defaulted. Accordingly, a certificate of appealability should be denied.

**III.     CONCLUSION**

For the foregoing reasons, it is respectfully recommended that the petition for a writ of habeas corpus be denied and that a certificate of appealability be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the petitioner must seek review by the district court by filing objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated:   September 19, 2013

cc:      The Honorable Maurice B. Cohill
         Senior United States District Judge