IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EMMANUEL JOSH MILLER,<br>　　　　Petitioner,<br><br>　　v.<br><br>COURT OF COMMON PLEAS<br>OF ERIE COUNTY, et al.,<br>　　　　Respondents. | Civil Action No. 12-206 Erie<br><br>Senior District Judge Maurice B. Cohill<br>Magistrate Judge Susan Paradise Baxter |

## MEMORANDUM ORDER

Before this Court is Petitioner Emmanuel Josh Miller's "Motion to Vacate a Void Judgment." [ECF No. 31]. For the reasons that follow, the motion is denied.

I.

**A.　Relevant Background**

In March of 2011, Petitioner appeared before the Court of Common Pleas of Erie County and pleaded guilty to one count of Firearms Not to be Carried Without a License, a felony in the third degree. On April 28, 2011, that court sentenced him to 36-72 months' of imprisonment.

In January of 2013, Petitioner filed with this Court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenged the way in which the Court of Common Pleas determined his sentence. Specifically, he took issue with the "gravity score" that court used and claimed that his sentence is illegal and was imposed in violation of his rights under the Sixth Amendment. [ECF No. 10 at 5]. He also claimed that documents were falsified and that a fraud was committed upon the Court of Common Pleas. [ECF No. 10 at 7].

On September 19, 2013, Magistrate Judge Susan Paradise Baxter issued a Report and Recommendation ("R&R") [ECF No. 27], in which she recommended that Petitioner's claims be denied

1

because they are procedurally defaulted. Petitioner filed Objections to the R&R [ECF No. 28], which this Court found to have no merit. On October 21, 2013, after *de novo* review of the documents in this case, together with the R&R and Petitioner's Objections, this Court issued a Memorandum Order adopting the R&R as the Opinion of this Court. [ECF No. 29]. On that same date, this Court entered final judgment in this case and closed it. [ECF No. 30].

On November 4, 2013, Petitioner filed the pending motion [ECF No. 31], in which he requests that this Court vacate the judgment entered. In the motion, he reiterates his contention that the Court of Common Pleas calculated his sentence incorrectly. He does not address this Court's determination that his claims are procedurally defaulted.

## II.

Because Petitioner filed his motion within 28 days of this Court's entry of judgment, it is properly construed as a motion to alter or amend the judgment pursuant to Federal Rule 59(e) of the Federal Rules of Civil Procedure. The standard for obtaining relief under Rule 59(e) is difficult for a party to meet. The United States Court of Appeals for the Third Circuit has explained:

> The scope of a motion for reconsideration, we have held, is extremely limited. Such motions are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence. Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc., 602 F.3d 237, 251 (3d Cir. 2010). "Accordingly, a judgment may be altered or amended [only] if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [denied the petition for writ of habeas corpus]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id. (quotation marks omitted) (emphasis added).

Blystone v. Horn, 664 F.3d 397, 415 (3d Cir. 2011).

Petitioner has not demonstrated that he is entitled to relief under Rule 59(e). There has been no intervening change in the controlling law or the discovery of new evidence since this Court entered

2

judgment in this case. Nor has Petitioner established a "need to correct a clear error or to prevent manifest injustice." He reasserts his claims that the sentence the Court of Common Pleas imposed was invalid, but he is not entitled to a "second bite at the apple." A movant who fails in the first attempt to persuade a court to adopt its position may not use a subsequent motion for reconsideration or to vacate the judgment in order to rehash arguments already made and rejected, or to raise new arguments that he previously failed to raise before the court when the matter at issue was being decided. Blystone, 664 F.3d at 415-16; Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995); Williams v. City of Pittsburgh, 32 F.Supp.2d 236, 238 (W.D. Pa. 1998). As set forth above, this Court did not reach the merits of Petitioner's claims because he procedurally defaulted them. Petitioner makes no argument in his motion that would provide this Court with any reason to reconsider that determination.

### III.

Accordingly, this 10th day of **January, 2014**, it is hereby **ORDERED** that Petitioner's Motion to Vacate a Void Judgment [ECF No. 31] is **DENIED**.

Maurice B. Cohill
Senior United States District Judge

cc: All parties of record
Susan Paradise Baxter,
U.S. Magistrate Judge

3